UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERIC JOHNSON, on behalf of himself and others similarly situated, | Case No. 1:16-cv-1019 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | |
| PIONEER CREDIT RECOVERY, INC., | **Jury Trial Demanded** |
| Defendant. | |

### Nature of the Action

1. Eric Johnson ("Plaintiff") brings this class action against Pioneer Credit Recovery, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment and prerecorded voice calls, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>
> \*\*\*\*\*
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

3. Upon information and belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency telephone calls to consumers' cellular telephone numbers by using an automatic telephone dialing system, without the prior express consent of the

1

consumers, in that Defendant repeatedly dials wrong or reassigned telephone numbers that do not belong to the intended recipients of the calls.

## Jurisdiction

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where Defendant is headquartered in this District and where a substantial part of the events giving rise to this action occurred in this District.

## Parties

6. Plaintiff is a natural person who at all relevant times resided in Oklahoma.

7. Defendant is a Delaware corporation with principal offices in Arcade, New York.

8. Defendant handles "billions in portfolios" and "recovers a broad spectrum of debt for all levels of government: from federal agencies, to cities, to hundreds of counties."[1]

9. Defendant uses "proven skip-tracing, account segmentation and calling strategies" to "collect[] the most money for [its] collection partners in the shortest time possible."[2]

10. In addition:

> Pioneer uses a contact management solution to maximize debtor contact and contact time per hour. This solution integrates with FICO® Debt Manager™ 9 and creates efficiencies for collectors. "Click to dial", for example, allows the collector to click a button on their computer screen to dial the telephone number, dramatically increasing the number of calls and contacts and preventing potential errors caused by misdialing.

---

[1]  *See* https://www.pioneercreditrecovery.com/ (last visited Dec. 15, 2016).

[2]  *See* https://www.pioneercreditrecovery.com/CollectionMethodology.aspx (last visited Dec. 15, 2016).

>The contact management system includes an automated dialer, which routes inbound calls to the correct collector. The system also features Interactive Voice Response (IVR), integrated digital messaging, remote agent monitoring, and real-time reporting – tools that ensure the highest level of collector productivity and accountability.[3]

11. Defendant has a public Utility Commission of Texas Automatic Dial Announcing Device permit, No. 040302, which it first obtained in 2005 and last renewed in October 2016.[4]

## Factual Allegations

12. In an attempt to contact a third party named "Isabel Hernandez," Defendant placed numerous calls to cellular telephone number (405) 305-xxxx—a number for which Plaintiff is the sole subscriber.

13. The calls started shortly after Plaintiff obtained his new cellular telephone number in mid-2016.

14. By way of example, Defendant called Plaintiff's cellular telephone number on, among other dates, October 12, 2016.

15. Upon information and good faith belief, Defendant's records will show additional calls made by it to Plaintiff's cellular telephone number with an automatic telephone dialing system.

16. Defendant called Plaintiff's cellular telephone number from (607) 304-4467, a number assigned to Defendant.

17. Defendant placed all of the above-referenced calls in an effort to contact a third party, unknown to Plaintiff, named "Isabel Hernandez".

18. Defendant's calls to Plaintiff presumably were for the purpose of attempting to collect a debt from "Isabel Hernandez".

---

[3] *See* http://www.state.wv.us/admin/purchase/Bids/FY2015/B_0212_SWC1500000006_04.pdf (last visited Dec. 15, 2016).

[4] *See* https://www.puc.texas.gov/industry/communications/directories/adad/report_adad.aspx?ID=ADSQL01DB1245303200001 (last visited Dec. 15, 2016).

19. On at least one occasion, Plaintiff answered Defendant's call and spoke to one of Defendant's employees.

20. Plaintiff explained that Defendant had the wrong number and that he did not know the person Defendant was calling for, and he instructed Defendant to stop calling him.

21. Despite Plaintiff's demand that the calls stop, and despite him informing Defendant that it was calling the wrong person, Defendant continued to place calls to Plaintiff's cellular telephone number.

22. Upon answering Defendant's calls, a noticeable delay greeted Plaintiff before being connected with a live customer service representative.

23. Upon information and good faith belief, and in light of the frequency, character, number, and nature of the calls, Defendant placed its calls to Plaintiff's cellular telephone number using an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).

24. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number using (a) equipment which has the capacity (i) to store or produce telephone numbers to be called, using a random or sequential number generator, and (ii) to dial such numbers, or (b) technology with the capacity to dial random or sequential numbers, or (c) hardware, software, or equipment that the FCC characterizes as an automatic telephone dialing system through the following, and any related, declaratory ruling and order: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

25. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls, Defendant placed its calls to Plaintiff's cellular telephone number using (a) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer

the phone and a person will be available to take the call, or (b) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (c) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (d) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following, and any related, reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 15-72 (adopted June 18, 2015 and released July 10, 2015).

26. Upon information and good faith belief, Defendant utilizes hardware and software with the capacity to store telephone numbers and to dial such numbers sequentially, predictively, or randomly, and to dial telephone numbers without human intervention.

27. Upon information and good faith belief, Defendant used such hardware and software to place the calls at issue to Plaintiff's cellular telephone number.

28. Defendant did not have Plaintiff's prior express consent to make any calls to his cellular telephone number.

29. Rather, Defendant was attempting to reach a third party unknown to and unaffiliated with Plaintiff.

30. Plaintiff never provided his cellular telephone number to Defendant.

31. Plaintiff never had any business relationship with Defendant.

32. Plaintiff does not have, and never had, federally backed student loan debts.

33. Defendant did not place any calls to Plaintiff's cellular telephone number for emergency purposes.

34. Upon information and good faith belief, Defendant placed the calls at issue to Plaintiff willfully and knowingly, in that it consciously and deliberately made the calls referenced herein.

35. Upon information and good faith belief, Defendant had knowledge that it was using, and intended to use, an automatic telephone dialing system to place the calls at issue to Plaintiff.

36. Plaintiff suffered harm as a result of Defendant's telephone calls at issue, in that he suffered an invasion of his privacy, an intrusion into his life, and a private nuisance.

37. Moreover, Defendant's telephone calls at issue depleted or consumed, directly or indirectly, Plaintiff's cellular telephone minutes, for which he paid a third party.

38. Additionally, the unwanted calls at issue unnecessarily tied up Plaintiff's telephone line and caused depletion to his cellular telephone battery.

39. As a result of unwanted calls to his cellular telephone, Plaintiff activated a call blocking application for which he pays a monthly fee.

**Class Action Allegations**

40. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of himself and a class defined as follows:

> All persons and entities throughout the United States (1) to whom Pioneer Credit Recovery, Inc. placed, or caused to be placed, calls (2) directed to a number assigned to a cellular telephone service, by (3) using the same or similar dialing system that was used to call Plaintiff, (5) in the four years preceding the filing of this complaint through the date of class certification, (6) absent prior express consent—in that the called party was not the intended recipient of Pioneer Credit Recovery, Inc.'s calls.

Excluded from the class is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

41. The proposed class is so numerous that, upon information and belief, joinder of all members is impracticable.

42. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

43. The proposed class is ascertainable because it is defined by reference to objective criteria. In addition, and upon information and belief, the cellular telephone numbers of all members of the class can be identified in business records maintained by Defendant and third parties.

44. Plaintiff's claims are typical of the claims of the members of the class because all of the class members' claims originate from the same conduct, practices, and procedures on the part of Defendant, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

45. Like all members of the class, Plaintiff received telephone calls from Defendant using an automatic telephone dialing system, without his consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii), that were intended for someone else.

46. Plaintiff will fairly and adequately protect the interests of the members of the class, and he has retained counsel experienced and competent in class action litigation.

47. Plaintiff has no interests that are contrary to or in conflict with the members of the class that he seeks to represent.

48. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

49. Furthermore, as the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the class to individually redress the wrongs done to them.

50. There will be little difficulty in the management of this action as a class action.

51. Questions of law or fact common to the members of the class predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the class.

52. Among the questions of law and fact common to the class are:

   a. Whether Defendant's actions alleged herein constitute violations of the TCPA;

   b. Whether Defendant's calls at issue were made using an automatic telephone dialing system as defined by the TCPA;

   c. Whether Defendant maintains a practice of making calls to wrong or reassigned telephone numbers;

   d. Whether Defendant maintains a practice of continuing to call consumers after being informed it is calling the wrong number or being asked to stop; and

   e. Damages, including whether Plaintiff and the class are entitled to treble damages for willful or knowing conduct, 47 U.S.C. § 227(b)(3).

53. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

**Count I: Violations of 47 U.S.C. § 227(b)(1)(A)(iii)**

54. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 - 53.

55. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to make and/or place telephone calls to the cellular telephone numbers of Plaintiff and the other members of the class, without prior express consent.

56. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the class are entitled to damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

(a) Determining that this action is a proper class action and designating Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;

(b) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii), and enjoining Defendant from the placement of automated calls to any cellular telephone number unless it has first obtained and documented prior express consent from the called party, ordering Defendant to hire a Court-approved independent auditor to ensure compliance with this requirement to do quarterly audits for a period of no fewer than five years at its own expense, and enjoin Defendant from committing further violations of 47 U.S.C. § 227(b)(1)(A)(iii);

(c) Awarding Plaintiff and members of the class actual damages, or statutory damages pursuant to 47 U.S.C. § 227(b)(3) in an amount up to $1,500.00 per violation;

(d) Awarding Plaintiff and members of the class their reasonable costs, expenses, and attorneys' fees incurred in this action as permitted by law, including expert fees, pursuant to Rule 23 of the Federal Rules of Civil Procedure; and

(e) Awarding other and further relief as the Court may deem just and proper.

## Jury Trial Demanded

Plaintiff demands a trial by jury.

Dated: December 20, 2016    Respectfully submitted,

<div style="margin-left: 40%;">

s/ Alexander H. Burke
Alexander H. Burke
Burke Law Offices, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
Aburke@BurkeLawLLC.com

Counsel for Plaintiff and the Proposed Class

</div>